IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| HEATHER KELLEY f/k/a HEATHER LUDWIG, | ) ) ) |
| Plaintiff, | ) ) No. 1:11-cv-346 |
| vs. | ) ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) **JURY DEMAND ENDORSED HEREON** ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, HEATHER KELLEY f/k/a HEATHER LUDWIG, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, MIDLAND CREDIT MANAGEMENT, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Laurinburg, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Kansas, which is licensed to do business in North Carolina and which has its principal place of business in San Diego, California.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about August 12, 2010, an attorney for Plaintiff mailed a letter to Defendant which advised Defendant that Plaintiff was represented by said attorney in relation to the aforementioned alleged debt. Specifically, said letter stated "[W]e respectfully demand that you not contact our client for any reason. Instead, please direct all future contacts and correspondence to my office." A copy of said letter is attached hereto as Exhibit 1.

2

Case 1:11-cv-00346-UA-PTS   Document 1   Filed 05/05/11   Page 2 of 5

9. Despite the requests of Plaintiff's attorney as outlined above, on or about March 17, 2011, Defendant mailed a letter to Plaintiff demanding payment of the alleged debt. A copy of said letter is attached hereto as Exhibit 2.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

    b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, HEATHER KELLEY f/k/a HEATHER LUDWIG, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute)

11. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

    a. Communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of N.C. Gen. Stat. § 58-70-115(3); and

    b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

WHEREFORE, Plaintiff, HEATHER KELLEY f/k/a HEATHER LUDWIG, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

4

Case 1:11-cv-00346-UA-PTS   Document 1   Filed 05/05/11   Page 4 of 5

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com